## NORTON *vs.* SAVAGE.

A demand was submitted to two arbitrators under the following terms, *viz :*
" And should they not agree, they may choose one or more with them, the
" Report of whom, or a major part of whom, being made as soon as may be,
" shall be opened by the parties, or be returned to any Court of Common Pleas,
" to be holden in, and for the County aforesaid, judgment thereon to be final
",between the parties." The two not agreeing, appointed three others, the par-
ties assenting thereto. The whole number, after hearing the parties, made
and signed the Report which was against the party making the claim. The
Report was not returned to the C. C. Pleas, but was opened by the consent of
parties, each paying half the cost agreeably to the award. *Held,* that such
award was binding on the parties, and constituted a valid defence to an action
brought on the demand submitted.

THIS was *assumpsit* on a promissory note of hand, pay-
ment of which was resisted by the defendant, on the ground
that it had been submitted to arbitration by the parties, and an
award thereupon made in favour of the defendant. And he
offered in evidence, 1. the writing of submission, which was as
follows, *viz :*

" Know all men, we *James Norton* and *George Savage,* of
" *Bangor,* have agreed to submit the demand made by the said
" *Norton,* against the said *Savage,* which is hereto annexed,
" and all other demands, to the determination of *James B.*
" *Fiske,* and *E. T. Aldrich ;* — and should they not agree, they
" may choose one or more with them ; the Report of whom,
" or a majority of whom, being made as soon as may be, shall
" be opened by the parties, or be returned to any Court of
" Common Pleas, to be holden in and for said County, judg-
" ment thereon to be final between the parties."

This was executed by the parties, and acknowledged before a
justice of the peace. And on the face of it was also, the follow-
ing certificate of *Fiske* and *Aldrich, viz :* " We, the above
" named, *Fiske* and *Aldrich,* not having agreed, by consent of
" the parties have mutually chosen *Amos Patten, John Hodg-*
" *don* and *G. A. Thacher* to sit with us for the purpose of de-
" termining the above."

The substantial part of the award, which was signed by the

whole number, was as follows, *viz :* The referees " met to de-
" cide upon the within submitted question, at which meeting
" the within *Savage* and *Norton* were present, and after a full
" investigation of the case, and patient hearing of the parties,
" adjudged as their final award and decision, that the annexed
" note has been paid, and that nothing is due said *Norton* from
" said *Savage*, either on note or account.   Each party to pay
" one moiety of the costs of reference."

The chairman of the referees also testified, that the parties
assented to the addition of the three individuals not named in the
writing of submission — that both parties attended the hearing
— and that the Report was not returned to the C. C. Pleas, it
having been opened at the request, or by the assent of the par-
ties, each paying one half the cost.

The counsel for the plaintiff objected, that, said award thus
made was not sufficient to bar this action ; but *Whitman C. J.*
before whom the cause was tried in the Court below, ruled oth-
erwise, and the jury returned their verdict accordingly, where-
upon the plaintiff took exceptions and brought the action to
this Court.

*W. Abbot,* for the plaintiff.

*J. Appleton,* for the defendant.

The opinion of the Court was delivered by

PARRIS J. — In the original submission, the parties agreed
that the subject matter in controversy between them, should be
referred to *Fisk* and *Aldrich,* for their determination, and in
case they should not agree, that they might choose one or more
persons to act with them.   The referees, not having agreed,
did, by consent of parties, as they certify, select three other
persons to act with them.   The whole five met, and both par-
ties were present and were heard ; and we think, are as much
bound by the award as they would have been if the whole five
had been originally named in the instrument of submission.   In
*Matson v. Trower, Ry. & Moody,* 17, *Abbott C. J.* held an
award good, though made by an umpire, the arbitrators having
no authority to appoint one, but the parties having attended and

Norton *v.* Savage.

made no objection. They were considered as thereby recognizing the authority of the umpire. In *Rison v. Berry,* 4 *Rand.* 275, the parties agreed to submit their matters in difference to two arbitrators and an umpire to be chosen by them. The award was signed by the two arbitrators, and another person, as umpire, but it did not appear on the face of the award that the umpire was chosen by the referees. The court held the award to be good, notwithstanding. The award now under consideration, is certain and definite, and according to the terms of the submission, and there is no intimation of misbehaviour or corrupt conduct of the arbitrators. The parties might have entered into a verbal submission, and an award under it would have been good, and might have been made the foundation of an action. They have, however, taken a different course and reduced their agreement of submission to writing, nearly in the form prescribed by statute, but providing that the report may be opened by the parties *or* returned into court. The proof is, that the parties consented to opening and making known the award without having it returned to court. That they called on the chairman of the arbitrators, and each paid a moiety of the costs, and thereupon the award was published.

Nothing more could have been done if the report had been entered. No judgment could have been rendered in favour of either party, that could have required execution. The adjudication of the arbitrators had been fully complied with by the payment of the cost of reference.

They decided that the note, which is the subject of the present action, had been paid, and that nothing was due to the plaintiff from the defendant, either on note or account, and that each party should pay a moiety of the costs of reference. — Each party complied with the award by paying the cost, and waived the making the report to the court, as they had reserved to themselves the right to do in the submission ; and so long as the award is not impeached, we do not perceive how its binding effect is to be avoided.

These arbitrators were chosen by the parties themselves, as their judges to decide the matter in controversy. There has been a patient hearing of the parties, as the arbitrators certify,

and it is not denied.   If the award had been in favour of the plaintiff, it would unquestionably have been a good ground of action.   As it is, we think it competent evidence for the defendant, and as such was properly admitted.   The exceptions are accordingly overruled.